`Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

_____ Division

| | |
|---|---|
| VESAL YAGHOOBI | ) Case No. _____ |
| | ) *(to be filled in by the Clerk's Office)* |
| _____ | ) |
| *Plaintiff(s)* | ) Jury Trial: *(check one)* ☐ Yes ☑ No |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) |
| -v- | ) |
| | ) |
| TUFTS MEDICAL CENTER INC. | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) |

*(stamp: U.S. DISTRICT COURT DISTRICT OF MASS. 2024 JUL 29 PM 2:20 FILED IN CLERKS OFFICE)*

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

####    A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Vesal Yaghoobi |
| Street Address | 5333 Connecticut Ave NW Apt 625 |
| City and County | Washington |
| State and Zip Code | D.C. 20015 |
| Telephone Number | 202-999-6474 |
| E-mail Address | vesalyaghoobi@icloud.com |

####    B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name                           Tufts Medical Center Inc.

    Job or Title *(if known)*

    Street Address                800 Washington St

    City and County             Boston, Suffolk

    State and Zip Code        MA 02111

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## C.   Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Tufts Medical Center |
| Street Address | 800 Washington St |
| City and County | Boston, Suffolk |
| State and Zip Code | MA 02111 |
| Telephone Number | |

## II.   Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Other federal law *(specify the federal law)*:

☐   Relevant state law *(specify, if known)*:

☐   Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☑    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☑    Unequal terms and conditions of my employment.

☐    Retaliation.

☐    Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)
08/24/2023 to 02/26/2024

C.    I believe that defendant(s) *(check one)*:

☐    is/are still committing these acts against me.

☐    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐    race _____

☐    color _____

☐    gender/sex _____

☐    religion _____

☐    national origin _____

☐    age *(year of birth)* _____    *(only when asserting a claim of age discrimination.)*

☑    disability or perceived disability *(specify disability)*
Distress at work, mental health problems

E.    The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

FIND ATTACHED

_(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)_

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on _(date)_
12/01/2023

B.    The Equal Employment Opportunity Commission _(check one)_:

☐    has not issued a Notice of Right to Sue letter.

☑    issued a Notice of Right to Sue letter, which I received on _(date)_    05/02/2024    .

_(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)_

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct _(check one)_:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

FIND ATTACHED

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        07/27/2024

Signature of Plaintiff

Printed Name of Plaintiff        Vesal Yaghoobi

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS


**VESAL YAGHOOBI,**
Plaintiff,

v.

**TUFTS MEDICAL CENTER**
Defendant

### RELIEF

WHEREFORE, Plaintiff, Vesal Yaghoobi, respectfully requests that this Court grant the following relief:

1. Compensatory Damages: Award Plaintiff compensatory damages in the amount of $5,000,000 for the emotional distress, humiliation, pain and suffering, and loss of reputation caused by the discriminatory actions of Tufts Medical Center.

2. Legal Fees and Costs: Award Plaintiff all reasonable attorney's fees, costs, and expenses incurred in the prosecution of this action, pursuant to 42 U.S.C. § 1988 and other applicable laws.

3. Injunctive Relief: Issue an injunction requiring Tufts Medical Center to implement and enforce policies and procedures that ensure compliance with the

Americans with Disabilities Act (ADA) and the Civil Rights Act of 1964, to prevent future instances of discrimination and retaliation.

4. Other Relief: Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Vesal Yaghoobi

07/27/2024

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

**VESAL YAGHOOBI,**
Plaintiff,

v.

**TUFTS MEDICAL CENTER**
Defendant

## STATEMENT OF CLAIM

Plaintiff, Vesal Yaghoobi, a resident of the District of Columbia, files this lawsuit against Tufts Medical Center pursuant to the "Determination and Notice of Right" letter received from the Equal Employment Opportunity Commission (EEOC) on May 2, 2024.

At the time, Plaintiff was a third-year pathology resident in Tufts Medical Center's pathology residency program, which is accredited by the Accreditation Council for Graduate Medical Education (ACGME). ACGME is the body responsible for accrediting all graduate medical training programs for physicians in the United States.

The Tufts Medical Center's pathology residency program is accredited by the ACGME and is therefore obligated to adhere to ACGME rules. As a sponsoring

institution, Tufts Medical Center must ensure its policies are in compliance with those of the ACGME.

On the morning of August 24, 2023, without any prior notice, Plaintiff discovered that both their email and Access-ID badge had been deactivated.

Upon arriving at work at the Department of Pathology at Tufts Medical Center, Plaintiff was immediately detained by two security officers from the center and taken to the Emergency Room (ER) of Tufts Medical Center (TMC). Plaintiff was not provided with any explanation and was compelled to change into hospital attire. All personal belongings, including clothes, backpack, and phone, were confiscated. Plaintiff was subjected to a psychiatric evaluation and released a few hours later, only to find that the medical record associated with the visit had been tampered with, their signature had been forged, and their Access-ID badge had been stolen from their backpack while in the possession of TMC's Emergency Room staff.

While still in the Emergency Room (ER) at Tufts Medical Center, Plaintiff began receiving voicemails from a man named Matthew Shortelle, an active attorney at Tufts Medical Center. The calls came from an unknown number, as the caller ID was hidden. In these messages, Shortelle, JD informed Plaintiff that they were prohibited from entering Tufts Medical Center's property or resuming work until communication had occurred. Due to concerns about the legitimacy of these phone calls and the trauma associated with the arrest in front of colleagues and the involuntary admission to the ER, Plaintiff chose not to return Shortelle's calls. Furthermore, when Plaintiff's attorney attempted to contact Shortelle, JD she was unable to reach him.

Following guidance from the ACGME, Plaintiff attempted to contact the residency program director to inquire why there had been no direct communication if there were any concerns regarding performance. Instead of responding directly, the program director forwarded Plaintiff's email to Matthew Shortelle, JD and did not engage further.

As a medical resident in an ACGME-accredited program, any concerns regarding residents' performance should have been communicated directly by the program, strictly in accordance with ACGME rules and guidelines.

Plaintiff was informed by Matthew Shortelle, JD that all aspects of employment had been suspended due to "clear and objective signs of distress in the workspace, and concerns with your ability to perform your job functions safely." Despite using the term "objective" in his statement, Shortelle, JD never provided Plaintiff with the specific, objective reasons he referred to.

Tufts Medical Center, represented by Matthew Shortelle, JD requested that Plaintiff apply for a leave of absence and benefits. Plaintiff did not comply with this request as there had been no concerns regarding health previously brought to attention by the residency program, friends, family, or personal healthcare provider. Additionally, Tufts Medical Center did not provide any reasons for their request that Plaintiff apply for a leave of absence.

Tufts Medical Center, through Matthew Shortelle, JD mandated that Plaintiff undergo an evaluation by an organization called Physician Health Services (PHS)

as a condition for returning to work. Contrary to what its name might imply, PHS is not a direct patient care entity nor is it covered by HIPAA.

Tufts Medical Center not only stigmatized Plaintiff by suggesting a mental health issue but also failed to provide any specific reasons for requesting that a mental health evaluation be undergone. Moreover, they referred Plaintiff to a non-HIPAA covered entity, which is not a patient care provider, to conduct this evaluation.

Despite the circumstances, Plaintiff underwent an evaluation by Physician Health Services (PHS) on September 6, 2023. Subsequently, on October 6, 2023, PHS required that Plaintiff undergo another evaluation with John Daignault, a forensic psychologist. On October 10, 2023, Dr. Daignault's office informed Plaintiff that his practice primarily serves attorneys involved in court cases. At that time, Plaintiff did not have legal representation or an ongoing court case, so they were unable to proceed with an evaluation by Dr. Daignault.

On November 20, 2023, Plaintiff received a letter from Tufts Medical Center, written by Matthew Shortelle, JD stating that because the required evaluation had not been undergone, Plaintiff would be considered to have resigned, effective immediately.

In correspondence with Tufts Medical Center's Human Resources (HR) on November 20, Plaintiff explained the situation regarding John Daignault and stated that they would undergo a mental health evaluation, but only within a legal framework. Plaintiff informed them that they had not voluntarily resigned and that they had initiated legal proceedings in the United States District Court for the District of Massachusetts to address their concerns about mental health, noting that

this process would require time. Tufts Medical Center did not respond to Plaintiff's communications but continued to pay the full salary, leading Plaintiff to believe they had accepted that the mental health evaluation would be through the court.

On February 16, 2024, Tufts Medical Center ceased paying Plaintiff's salary and formally discharged Plaintiff from employment.

Tufts Medical Center discriminated against Plaintiff after perceiving Plaintiff as disabled, as evidenced by the following actions:

**1. Involuntary Detainment:** Plaintiff was arrested by two of Tufts Medical Center's security officers while at work, in full view of colleagues and supervisors. They told Plaintiff they were taking Plaintiff to a lower floor and forcibly directed Plaintiff into an elevator, despite Plaintiff's preference to take the stairs. Plaintiff was then involuntarily admitted to their Emergency Room without consent and without any explanation when inquiring about the situation. Tufts Medical Center acted under color of the law and deprived Plaintiff of constitutional rights.

**2. Deactivation of work email and access ID badge:** without any prior notifications, Tufts Medical Center deactivated Plaintiff's ID badge and work account, including access to email and employment information in the morning of August 24, 2023.

**3. Confiscation of Personal Belongings:** While detained in a psychiatric room at Tufts Medical Center, all of Plaintiff's personal belongings were taken. Notably, Plaintiff's badge was stolen from Plaintiff's backpack during this time. Tufts Medical Center acted under color of the law and deprived Plaintiff of constitutional rights.

**4. Signature Forgery:** Tufts Medical Center forged Plaintiff's signature on a medical form related to the visit.

**5. Prohibition from Entering Tufts Medical Center:** Plaintiff was banned by Human Resources from setting foot on Tufts Medical Center property or attending work.

**6. Unauthorized Communication:** Plaintiff's email account was deactivated by Tufts Medical Center. Subsequently, they communicated with Plaintiff about employment matters through Plaintiff's personal email, which was never authorized, compromising Plaintiff's privacy.

**7. Prohibition from Any Communication with the Residency Program:** Tufts Medical Center Human Resources severed all communication between Plaintiff and key personnel in the residency program—specifically, the program director and program coordinator. This action is a significant breach of ACGME regulations, which mandate that residency program personnel maintain close communication with residents under all circumstances.

**8. Mandatory mental Health Evaluation by a Non-healthcare provider:** Plaintiff was forced to undergo a mental health evaluation with an organization that is not a healthcare provider and therefore not covered by HIPAA. This posed a serious threat to the confidentiality of Plaintiff's health information.

**9. Lack of Justification for Evaluation:** Despite multiple requests for objective reasons, Tufts Medical Center required Plaintiff to undergo a mental health evaluation without providing any justification, contravening ethical standards for such sensitive matters. While recognizing an employer's prerogative to ensure employee performance, any such concerns should be addressed legally. Under the Americans with Disabilities Act (ADA), fitness-for-duty examinations are permissible if they are job-related, necessary, and based on objective evidence. Plaintiff has never received any objective evidence justifying the need for this evaluation. The necessity to provide objective reasons is particularly crucial when the issue involves mental health.

These actions not only compromised Plaintiff's rights but also violated multiple ethical and regulatory standards, reflecting a disregard for the proper procedures and protections that should be afforded to all employees, particularly in sensitive situations involving mental health and privacy.

It is also pertinent to note that no other residents within the Tufts Medical Center Pathology Department have been subjected to such treatment when they exhibited signs of distress at work.

Dated: 07/27/2024

Respectfully submitted,

Vesal Yaghoobi

Vesalyaghoobi@icloud.com